IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,313-01






EX PARTE REYES NOEL VILLALOVOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,300-B IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and sentenced to thirty years' imprisonment. The Eleventh Court of Appeals affirmed
his conviction. Villalovos v. State, No. 11-00-00193-CR (Tex. App.-Eastland 2001, no pet.). 

 On September 15, 2010, we remanded this application and directed the trial court to make
findings as to whether, among other things, appellate counsel timely advised Applicant of his right
to file a pro se petition for discretionary review (PDR). On remand, the trial court found that
appellate counsel did not advise Applicant of his right to file a pro se PDR, but the trial court
concluded that appellate counsel was not ineffective because the "ultimate outcome would have been
the same." An applicant raising an out-of-time PDR claim does not have to show that this Court
would have granted his PDR. He has to show that he is entitled to be in the appellate process and that
but for appellate counsel's conduct he would have timely filed a PDR. Ex parte Crow, 180 S.W.3d
135, 138 (Tex. Crim. App. 2005). 

 In Applicant's case, it is clear that Applicant was entitled to be in the appellate process and
that appellate counsel failed to comply with Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App.
1997). But it is not clear whether Applicant would have timely filed a PDR absent appellate
counsel's conduct. In these circumstances, additional facts are needed. Pursuant to Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant would have timely
filed a PDR absent appellate counsel's conduct. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: February 9, 2011

Do not publish